# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60911
Summary Calendar

NAPOLEON ARTURO BUSTAMANTE, also known as Arthur L Bustamante, also known as King Arthur XIII

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A20 905 044

Before WIENER, STEWART, and CLEMENT, Circuit Judges
PER CURIAM:[*]

Petitioner Napoleon Arturo Bustamante, a native and citizen of the Phillippines, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal of the immigration judge's (IJ) order of removal. The BIA determined that Bustamante was estopped from raising his alienage as an issue because he had been convicted in 2006 for impersonating a United States citizen, in violation of 18 U.S.C. § 911.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In a pro se brief, Bustamante asserts that he made the required prima facie showing of citizenship and that the issue of his alienage was res judicata prior to his criminal conviction because the issue was resolved when previous deportation proceedings against him were terminated in 1976. Liberally construed, Bustamante's brief also contends that a May 2003 Social Security Administration (SSA) determination that he was a United States citizen likewise had a res judicata effect.

Bustamante's 2006 conviction for impersonating a United States citizen in violation of § 911 estops him from raising his alienage as an issue in the instant deportation proceedings. See Howard v. INS, 930 F.2d 432, 434-36 (5th Cir. 1991). Furthermore, Bustamante has not met his burden of proving his contentions that the issue of his citizenship was litigated in either the deportation or the SSA proceedings, and thus he has not shown that the BIA erred in its determination. See Andrade v. Gonzales, 459 F.3d 538, 545 (5th Cir. 2006); Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003); In re Braniff Airways, Inc., 783 F.2d 1283, 1289 (5th Cir. 1986).

Bustamante also contends that the DHS wrongfully detained him for more than 90 days and that the denial of his release on bond and a change of venue were unconstitutional. To the extent that Bustamante is challenging his detention and the IJ's denial of bail prior to the IJ's order of removal, we do not have jurisdiction to consider these discretionary determinations. See 8 U.S.C. § 1226(e). To the extent that Bustamante is challenging his detention and the denial of bail after the order of removal was rendered, he did not raise these issues or the issue of venue before the BIA, so we do not have jurisdiction to consider these unexhausted issues. See Heaven v. Gonzales, 473 F.3d 167, 177 (5th Cir. 2006).

AFFIRMED.